UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| YVETTE BAGLEY * | |
|     Plaintiff * | |
| v. * | CASE NO.: S02CV4084 |
| PROVIDENT BANK OF MARYLAND * | |
|     Defendant * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT, PROVIDENT BANK'S,
MOTION FOR LEAVE TO AMEND ANSWER**

**INTRODUCTION**

Defendant, Provident Bank of Maryland, by its undersigned attorneys, files this Memorandum of Law in Support of its Motion for Leave to Amend Answer.

**FACTS**

The Plaintiff, Yvette Bagley, filed this action on December 18, 2002. Ms. Bagley's Complaint makes vague allegations regarding discrimination on the basis of her race and religion. Provident filed its Answer on January 23, 2003. Consequently, the case has been at issue for only two months. In its Answer, Provident denied the Plaintiff's allegations and pled affirmative defenses. Among other affirmative defenses, Provident alleged that Plaintiff failed to avail herself of Provident's policies and procedures as well as failed to exhaust her administrative and internal remedies prior to filing suit. In an abundance of caution, Provident wishes to amend its Answer to add the following affirmative defenses:

1

**Eleventh Defense**

18. Provident exercised reasonable care to prevent and correct promptly any conduct alleged by Plaintiff, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Provident or to avoid harm otherwise.

**Twelfth Defense**

19. Provident had legitimate, non-discriminatory reasons for the actions it took in connection with the Plaintiff's employment.

A redlined copy of the First Amended Answer is attached as Exhibit A and a copy suitable for filing has been filed separately to accommodate the e-filing system.

**ARGUMENT**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "A party may amend the party's pleading only by leave of court or by consent of the adverse party; and leave shall be freely given as justice so requires." When interpreting Rule 15, federal courts have consistently held that, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality'". U.S. v. Webb, 665 F.2d 977, 979 (9th Cir. 1981), citing Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406 (9th Cir. 1960). Thus, "[t]he court must be guided by the underlying purpose of Rule 15(a) to facilitate decision on the merits, rather than on the pleadings or technicalities." Webb at 979. See also Charpentier v. Godsil, 937 F.2d 859 (3rd Cir. 1999) (permitting affirmative defense of immunity to be raised in pretrial brief); Cornell v. Council of Unit Owners of Hawaiian Village Condo., Inc., 983 F. Supp. 640 (D.Md. 1997). (Defendant did not waive affirmative defense of immunity when it was raised at a "pragmatically sufficient time" in the Defendant's Pre-Trial Brief.)

Further, "The Supreme Court has instructed the federal courts to heed carefully the command of Rule 15(a), Fed. R. Civ. P., by freely granting leave to amend when justice so requires." <u>D.C.D. Programs, Ltd. v. Leighton</u>, 833 F.2d 183 (9th Cir. 1987), citing, <u>Gabrielson v. Montgomery Ward & Co.</u>, 75 F. 2d 762, 765 (9th Cir. 1986). In <u>Foman v. Davis</u>, 371 U.S. 178, 182 the Supreme Court set forth four factors that should be weighed when determining the propriety of a motion for leave to amend -- bad faith, undue delay, prejudice to the opposing party, and futility of the amendment. "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify a denial of leave to amend. <u>Leighton</u> 833 F.2d 186.

The foregoing principles demonstrate that leave should be granted. In fact, amendment of the Answer at this early stage of the case is a mere formality. There has been no delay, prejudice or bad faith. The Amendment simply clarifies defenses available to Provident.

## **CONCLUSION**

For the foregoing reasons, Provident requests this Court to grant it leave to file its Amended Answer.

> _/s/ Mark M. Dumler_
> Mark M. Dumler, Federal Bar No.: 07893
> Parker, Dumler & Kiely LLP
> 36 South Charles Street
> Suite 2200, Charles Center South
> Baltimore, Maryland  21201
> (410)  625-9330
> Attorneys for Defendant, Provident Bank

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2003, a copy of the foregoing Memorandum of Law in Support of Motion for Leave to Amend Answer was served via e-filing on:

>Norris C. Ramsey, Esquire
>Norris C. Ramsey, P.A.
>2122 Maryland Avenue
>Baltimore, MD 21218

>*/s/ Mark M. Dumler*
>Mark M. Dumler, Federal Bar No.: 07893